# FLORENCIO COMELIN ET AL.
*v.*
# SCHULTZE & COMPANY.

---

INVOLUNTARY BANKRUPTCY— FRAUDULENT TRANSFERS—PREFERENCES.

1. Under § 3 of the bankrupt act, both a fraudulent transfer of property and insolvency are necessary to constitute ground of involuntary bankruptcy. The burden of establishing fraud is upon the petitioners; but if it be shown, then the burden is upon the alleged bankrupt to establish solvency. Fraud may be shown by facts proven or inferred from circumstances.

2. The burden of proof is, however, upon petitioners, to show both insolvency and the preference named in § 3 of the bankrupt act. To exchange one security for another, without increasing the advantage of a creditor, is not a preference within the meaning of the bankrupt act.

January 3, 1902.

---

*Mr. H. E. Smith* for petitioners.

*Messrs. Horton & Cornwell* and *F. H. Dexter* for defendants.

HOLT, Judge, delivered the following opinion:

This is a proceeding in involuntary bankruptcy. The petition, which was filed on November 20th, 1901, avers two of the grounds named in § 3 of the bankrupt law; to wit, that the defendants, Schultze & Company, being insolvent, had, within

PORTO RICO—19.

Comelin v. Schultze & Co.

four months next previous, conveyed, transferred, concealed or removed, or permitted to be concealed or removed, portions of their property with the intent to hinder, delay, or defraud their creditors, and particularly the petitioners; and, second, had transferred a portion of their property to some of their creditors with intent to prefer them over other creditors, particularly the petitioners. There is a general denial of the averments of the petition. There has been no request for a jury, and in fact one has been expressly waived of record by the parties.

The testimony has been carefully considered. As to each ground, insolvency must be shown. The first ground may be considered as a charge of actual fraud. As to it, the burden is on the petitioners; but if the fraud be shown, then the burden of showing solvency is on the alleged bankrupt, by express provision of § 3 of the bankrupt law. Fraud must be proven. Direct proof is not necessary, and can seldom be made. It may be shown by other facts proven and inferred from circumstances. It is claimed that has been done; but, in the opinion of the court, there is an utter failure to show it.

As to the second ground, the burden is upon the petitioners to show both the insolvency and the preference. The bankrupt law, ¶ D, § 3, creates a presumption of insolvency against the debtor who does not, upon the hearing, produce his books and papers, and submit to an examination. In the present case, however, the defendants have complied with the law in this regard; and therefore, no presumption of insolvency exists, and the entire burden of supporting this charge is upon the petitioners. To do so they must show: (1) A transfer of the debtor's property to a creditor; (2) the debtor's intent to prefer such creditor; (3) the insolvency of the debtor at the time of such transfer. It has been shown that within the four months next before the filing of the petition several mortgages to their credit-

Comelin v. Schultze & Co.

ors were executed by the defendants. It is evident there was no actual fraud in the transactions; but it is claimed they constituted preferences denounced by the bankrupt law. The common law did not denounce a preference by a debtor of a creditor. The bankrupt law, however, seeks to avoid all partiality, and to distribute the property of the insolvent equally among his creditors; and a preference when one is insolvent, with intent to prefer, constitutes an act of bankruptcy. It is presumed one intends to do that which is the natural consequence of his act. If a certain consequence necessarily follows the doing of the act, the person should be presumed to have intended it. He is presumed to know the law and the legal results of his acts, and therefore to intend them. While the statute is remedial, and should be so construed as to effect its object and promote justice, yet, as it is an innovation upon the common law, a case should be brought clearly within its scope in order to take from a person the possession and control of his property, and stop him in the pursuit of his business. It is shown that these mortgages were but an exchange of one set of securities for another, and that there was no increase of security. An even exchange is no robbery. The creditors of the defendants were not injured. Under § 60 of the bankrupt act one shall be considered to have given a preference if, being insolvent, he makes such a transfer of any of his property as will give one or more of his creditors an advantage, or a greater percentage of their debt than they would have otherwise received. This does not follow, of course, in a case of mere exchange of security. Neither the insolvency of the defendants nor a preference by them has been shown; and this proceeding must, therefore, be dismissed at the costs of the petitioners, and an order will be so entered.